THE PEOPLE EX REL. SIFRE *v.* THE EXECUTIVE COUNCIL
OF PORTO RICO.

APPLICATION for a Writ of Mandamus.

No. 6.—Decided November 7, 1904.

MANDAMUS—PARTY BENEFICIALLY INTERESTED.—The petitioner in an application
for *mandamus* must be a party beneficially interested in the acts of which
performance is sought by virtue of such proceeding.

The application was presented to Mr. Justice Hernández,
at chambers.

STATEMENT OF THE CASE.

The petitioner or plaintiff states the facts in his applica-
tion as follows:

That section 251 of the Revised Statutes of Porto Rico pro-
vides that the Executive Council of Porto Rico shall cause to
be printed on the official ballot the names of candidates for
elective offices where the petition is signed by five hundred
signers who are registered as qualified voters for such elec-
tion.

That basing their action upon this legal provision, a num-
ber of the electors of the municipality of Cabo Rojo, styling
themselves " Partido Repúblicano Puro," asked the Secre-
tary of Porto Rico to include in the official ballot the names
of the following candidates, to wit:

*Mayor*—Ulises Pabón Rivera, resident of Cabo Rojo.

*Municipal Judge*—Juan Colberg Cuesta, resident of Cabo
Rojo.

*Marshal of the Municipal Court*—Rodrigo Ramírez Vigo,
resident of Cabo Rojo.

*Secretary of the Municipal Court*—Augusto Biaggi, resi-
dent of Cabo Rojo.

*School Board*—Loreto J. Montalvo, resident of Cabo Rojo;

Delfín Ramírez, resident of Cabo Rojo; Julio Viscovich, resident of Cabo Rojo.

*Councilmen*—Federico Ronda Vilanova, resident of Cabo Rojo; Farncisco J. Bernardini, resident of Cabo Rojo; Máximo Avilés, resident of Cabo Rojo; Pedro Pascual Larracuenta, resident of Cabo Rojo; Santiago Vega, resident of Cabo Rojo.

*Secretary of the District Court for the Judicial District of Mayagüez*—William Falbe, resident of Mayagüez.

*Marshal of the District Court for the Judicial District of Mayagüez*—Rafael Maranges, resident of Mayagüez.

That affixed to the said petition, which was made on September 26, 1904, appear the signatures of 598 persons who assert that their names are entered upon the registry as qualified voters for the election which is to be held on November 8, 1904, in the Island of Porto Rico (as is shown by the accompanying document numbered 1), and in consequence thereof the inclusion of the names of the candidates above mentioned was effected and they appear upon the official ballot.

That it was subsequently shown that of the 598 signatures of persons appearing upon the said petition, and who assert that they are registered as qualified voters in the registry of this election, 141 are not so entered in the registry, and 73 are of very doubtful existence, as is shown by the accompanying document numbered 2.

That after making a proper substraction of those names the petition appears to be signed by only 374 qualified voters, instead of 500 as required by the law.

That before recourse was had to the remedy which is now invoked in this court, the petitioner, through the executive committee of the party to which he belongs, demanded that the Secretary of Porto Rico exclude from the official ballot the names of the candidates presented by the "Partido Republicano Puro," of the municipality of Cabo Rojo, he having

been unable to obtain the said exclusion for the reasons stated by the Secretary in the accompanying letter numbered 3, and that, therefore, the remedy here invoked is the only adequate and effectual one whereby he may secure the exclusion from the official ballot of the names of the candidates appearing thereon at present, and who do not possess the qualifications required by the law.

That if by the provisions of section 25 of the Revised Statutes of Porto Rico the Executive Council of Porto Rico has authority to cause to be printed the official ballots which are to be used for the voting in a general election, when all the requirements of the law are complied with, it undoubtedly has the authority also to prevent, and it is its duty to prevent, the names of candidates from appearing upon the said official ballot for whose inclusion thereon all the requirements of the law have not been complied with, by employing and exercising the means which are provided for by the said law.

Therefore, in view of the fact that petitioner's right to ask for a writ of *mandamus* is clear and evident, and that no excuse whatever can be given for failure to comply therewith, petitioner prays this honorable court to issue a peremptory writ of *mandamus,* in the first instance, against the Executive Council of Porto Rico, composed of Regis H. Post, Roland P. Falkner, Willis Sweet, William F. Willoughby, R. S. Rockwell, Andrés Crosas, José de Guzmán Benítez, José Gómez Brioso, and Herminio Díaz, ordering it to exclude from the official ballot the names of Ulises Pabón Rivera, Juan Colberg Cuesta, Rodrigo Ramírez Vigo, Augusto Biaggi, Loreto J. Montalvo, Delfín Ramírez, Julio Viscovich, Federico Ronda Vilanova, Francisco J. Bernardini, Máximo Avilés, Pedro Pascual Larracuenta, Santiago Vega, William Falbe and Rafael Maranges, who are the candidates presented by the "Partido Republicano Puro" of the municipality of Cabo Rojo, making use for the purpose of the most adequate proceeding, in accordance with the law.

*Mr. Falcón,* for the plaintiff.

Opinion by Mr. Justice Hernández.

The plaintiff, Jaime Sifre; not having shown that he is a party beneficially interested in the issuance of the writ of *mandamus* applied for, since, although he alleges and makes oath that he is candidate for the House of Delegates from the district of Mayagüez, upon the ticket of the "Partido Republicano Puro," to which the petition refers, no candidate whatever appears for the office of delegate.

In view of the provisions of section 3 of the act of March 12, 1903, establishing the writ of *mandamus,* as well as the decisions of this court rendered in two *mandamus* cases, one of them prosecuted in the District Court of Guayama by the president of the local board of the "Partido Unión de Puerto Rico" in Santa Isabel, and the other before this court by Felipe Casalduc Goicoechea, the writ of *mandamus* applied for by Jaime Sifre is hereby denied.